UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FREDERICK BANKS,

                              Petitioner,

    -against-                                               9:20-CV-0064 (LEK)

CANADA, *et al.*

                              Respondents.

## DECISION AND ORDER

**I.    INTRODUCTION**

Petitioner Frederick Banks is seeking federal habeas relief pursuant to 28 U.S.C. § 2241 regarding his "post conviction, pre sentencing" status. Dkt. No. 1 ("Petition") at 1–2.[1,2]

For the reasons that follow, the Court dismisses the Petition.

**II.   APPLICATION TO PROCEED IN FORMA PAUPERIS**

On January 17, 2020, Petitioner filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("First IFP Application"). On January 21, 2020, the Court administratively closed the action because Petitioner's First IFP Application was not properly certified. Dkt. No. 3 ("January 2020 Order"). On February 10, 2020, Petitioner submitted a second IFP application and the Court reopened the case. Dkt. No. 4 ("Second IFP Application"); Dkt. No. 5 ("February 2020 Text

---

[1] Citations refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Petitioner purports to bring the Petition on behalf of himself and "Witchcraft Riddler" and "The Black Magick Bears Cult." Petitioner is the only individual to have signed the Petition. See id. at 1, 9.

Order"). The Court approves Petitioner's Second IFP application for the limited purpose of this Decision and Order.

### III. THE PETITION

The Petition is extremely difficult to decipher. Petitioner asserts that he is awaiting sentencing and being held at the Allegheny County Jail in Pittsburgh, Pennsylvania. Pet. at 1.[3] The crux of his request for relief is that the CIA purportedly issued an improper FISA warrant, which has allowed the agency to engage in "microwave hearing" regarding conversations conducted by Petitioner and "various respondents" in the Northern District of New York ("N.D.N.Y."). Id. at 2. While Petitioner alleges he has challenged this warrant, apparently administratively, with the CIA, he has provided no details on when he filed his challenge or what decision the CIA might have rendered. Id. Petitioner asserts that the execution of the FISA warrant led to the death of Neil Peart, a Canadian drummer, and the crash of Ukraine International Airlines Flight 752 in Iran on January 8, 2020. See id. at 6–7.

### IV. DISCUSSION

The Court must dismiss the Petition because it lacks jurisdiction over Petitioner's claims. Petitions filed under § 2241 must be filed in the district of the petitioner's confinement. 28

---

[3] A recent decision from a court in the Central District of California, which also dismissed a § 2241 petition filed by Petitioner, noted that Petitioner

> was tried by [a] jury in the United States District Court for the Western District of Pennsylvania and was found guilty of multiple federal counts of wire fraud and one count of aggravated identity theft on November 8, 2019 [and] . . . is awaiting sentencing, which is scheduled for Spring 2020, and remains in custody.

Kobe Bryant; Frederick Banks v. Central Intelligence Agency, No. 20-CV-1138, 2020 WL 606757, at *1 (C.D.Cal. Feb. 7, 2020).

U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."); Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("The plain language of [§ 2241] thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.") Petitioner is confined in Allegheny County, Pet. at 1, which is located in the Western District of Pennsylvania ("W.D.Pa."), 28 U.S.C. §118 ("The Western District [of Pennsylvania] comprises the count[y] of Allegheny . . . ."). Consequently, the Petition is dismissed since venue is properly found in the W.D.Pa., not the N.D.N.Y. § 2241(a); § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss [the case] . . . ."); see also Bryant, 2020 WL 606757, at *3 ("If [Petitioner] wishes to challenge his present criminal custody, there are established avenues for him to do so, but none of them include bringing repeated and frivolous 28 U.S.C. §2241 [petitions] outside the District of conviction[.]").

Nevertheless, Petitioner argues that venue in the N.D.N.Y. is proper "because the restraint by [the CIA's] remote signal originates in the Northern District of New York . . . ." Pet. at 7. However, as noted by another court in this District that has considered this argument: "Banks's assertion is legally wrong and jurisdiction is proper in the" W.D.Pa. See Banks v. Syracuse University, No. 19-CV-1490, Dkt. No. 8, Decision and Order dated 1/13/20 at 2–4 (citing Skaftouros v. United States, 667 F.3d 144, 146 n.1 (2d Cir. 2011) ("The Supreme Court has made clear that whenever a 28 U.S.C. § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should . . . file the petition in the district of confinement."); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir. 1976) ("In

order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian.")).

In sum, the Court lacks jurisdiction over the Petition.[4]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

---

[4] Even if the Court could exercise jurisdiction over Petitioner's claims, the Court would dismiss his claims for being meritless and frivolous. As the Bryant court observed:

> Banks has a history of filing delusional and meritless actions on his own behalf or supposedly on behalf of others with whom he has no connection, often (as here) alleging electronic surveillance by the CIA or others. See, e.g., Banks v. Crooked Hilary, No. 2:16-cv-07954 (C.D. Cal. Oct. 26, 2016) (Order denying leave to proceed in forma pauperis and discussing some of the prior decisions finding Petitioner's actions to be frivolous and delusional); Schlemmer v. Central Intelligence Agency, No. 2:15-cv-01583 (W.D. Pa. Dec. 15, 2015) (Order dismissing with prejudice a 28 U.S.C. § 2241 habeas petition filed by Petitioner as purported "next friend" on behalf of a criminal defendant with whom he had no relationship); [Banks v. Valaluka, No. 1:15-cv-01935 (N.D. Ohio Nov. 18, 2015)] (Order at 2: "Banks has not limited his frivolous filings to cases he files in his own name, but has expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent."). The instant Petition is yet one more in his ongoing series of vexatious and improper litigation, which typically (as here) is prompted by a recent and often tragic event that received substantial media coverage, upon which Banks attempts to capitalize by purporting to represent the parties to and/or victims of the event.

2020 WL 606757, at *2

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  April 07, 2020
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge